## 53861. PALMER v. THE STATE.

SMITH, Judge.
Based on several incidents involving alleged marijuana, Palmer was convicted on five counts of violating the Controlled Substances Act. His appeal contends solely that the testimony of a State Crime Laboratory expert was based on hearsay, without which testimony a conviction was not authorized. We affirm the conviction.

The appeal centers on the same issue discussed in *Connally v. State*, 237 Ga. 203, 208 (4) (227 SE2d 352). In this case, as in *Connally*, the state expert admitted that his laboratory tests would not distinguish between Cannabis sativa L., and a variety known as indicus. Also, as in *Connally*, he testified that indicus was included within the species Cannabis sativa L., and thus would be included within the proscription of the Controlled Substances Act. The appellant contends the witness' knowledge was based on hearsay because, when questioned about the foundation for his knowledge, he apparently referred to two nonexistent journals. We note that the witness gave ample foundation to be allowed to testify as an expert in drug identification, and he testified in clear terms that he had concluded that the substance he tested was the substance proscribed by the Act. The appellant was free to attack the foundations for the witness' testimony and thus weaken the witness' conclusion in the eyes of the jury. That he failed to do so does not require a reversal on appeal.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 2, 1977 — DECIDED
JULY 15, 1977.

*Brown, Katz & Flatau, S. Phillip Brown,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Charles H. Weston, Assistant District Attorney,* for appellee.